# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TRANSAMERICA CORPORATION,**
        **Plaintiff,**

**-vs-**                                                                                             **Case No.  6:07-cv-1475-Orl-28GJK**

**TRANSAMERICA CREDIT, INC. and**
**STEVEN D. GOLDSMITH,**
        **Defendants.**

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S MOTION AND MEMORANDUM FOR DEFAULT JUDGMENT AGAINST DEFENDANT GOLDSMITH (Doc. No. 17)**
>
> **FILED:** December 17, 2007
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**.

## I.   BACKGROUND

Plaintiff Transamerica Corporation ("Transamerica") initiated the instant litigation by filing the complaint ("Complaint") which seeks to hold Defendants Transamerica Credit, Inc. ("Transamerica Credit") and Steven Goldsmith ["Goldsmith"] liable for federal service mark infringement, federal and common law unfair competition and false designation of origin, federal and state dilution, violation of the Florida Deceptive and Unfair Trade Practices Act, and Florida False Advertising. Doc. No. 1. Transamerica now moves for the entry of default judgment against Goldsmith based on the allegations

delineated in the Complaint, a permanent injunction, and an award of entitlement to attorneys' fees and costs. Doc. No. 17.[1]

Transamerica is a Delaware corporation currently located in Los Angeles, California. Doc. No. 1, ¶ 3. Transamerica is engaged in the business of providing life insurance, investment and retirement services, and operates through a network of wholly owned subsidiaries. Doc. No. 1, ¶ 7. Transamerica is the owner of various "TRANSAMERICA" marks.[2] *Id.*, ¶ 14.

On September 14, 2007, Transamerica filed its complaint alleging that Transamerica Credit and Goldsmith were causing dilution of the distinctive quality of Transamerica's marks. Transamerica and Transamerica Credit ultimately stipulated to a Consent Judgment and Permanent Injunction. Doc. Nos. 20, 21. Prior to filing suit, Transamerica contacted Goldsmith in an effort to resolve this matter. However, Goldsmith ultimately continued the infringing activity. Doc. No. 1 at 9-12. Transamerica alleges that Goldsmith's continuing infringement was willful. *Id.*

On September 25, 2007, Goldsmith was served with a summons and complaint. Doc. No. 11. On November 6, 2007, Transamerica subsequently moved for entry of default, which the clerk entered. Doc. Nos. 13. By failing to file an answer to Transamerica's Complaint, Goldsmith effectively admitted all well-pled allegations therein.

On December 17, 2007, Transamerica filed a Motion and Memorandum for Default Judgment (the

---

[1] Transamerica and Transamerica Credit stipulated to a Consent Judgment and Permanent Injunction. Doc. Nos. 20, 21. Transamerica Credit changed its name to the Refinancing and Lending Corp. in response to the Complaint.

[2] U.S. service mark registration Nos. 718, 353; 718,358; 831,626; 978,808; 1,129,244; 1,240,567; 1,635,681; 1,635,682; 1,869,955; 2,224,207; 2,228,202; 2,246,732; 2,284,121; 2,288,612; 2,301,398; 2,320,968; 2,456,724; 2,458,663; 2,486,240; 2,576,647; 2,609,854; 2,663,133; 2,688,175; and 3,058,524; registered from July 1, 1961 to February 14, 2006. Doc. No.1 at 4-6.

"Motion") against Goldsmith. Doc. No. 17. Attached to the Motion is a proposed order (the "Proposed Order"). *Id.* Counsel for Transamerica sent, by U.S. mail, a copy of the Motion to Goldsmith. Doc. No. 17 at 7.

I.   **THE LAW**

   A.   **Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a) (emphasis added). Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment , it needs to:
>    A) conduct an accounting;
>    B) determine the amount of damages;
>    C) establish the truth of any allegation by evidence; or
>    D) investigate any other matter.

*Id*. The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206). A default

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

### B.  15 U.S.C. § 1114(1); 15 U.S.C. § 1125(a)

Transamerica seeks to hold Goldsmith individually liable as officer, director, and shareholder of Transamerica Credit for willful trademark infringement pursuant to 15 U.S.C. Section 1114(1) due to Transamerica Credit's use in commerce of Transamerica's trademarks. Section 1114(1) provides that any person who shall, without the consent of the registrant-

> (a) use of commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies herein provided.

15 U.S.C. § 1114(1)(a), (b). Transamerica maintains also that Goldsmith is liable for trademark dilution pursuant to 15 U.S.C. Section 1125(a), which provides:

> (1) any person who, in or in connection with any goods or services, or any container for goods, uses in commerce any word, term, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she or is likely to be damaged by such act.

15 U.S.C. § 1125(a). In order to prevail on the trademark infringement claim, Transamerica must establish: 1) that it had a valid trademark; and 2) that Goldsmith adopted an identical or similar mark such that consumers would likely confuse the two. 15 U.S.C. § 1125(a); *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000).

### C. Permanent Injunction

A district court may grant preliminary injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). The standard for a permanent injunction is the same as for a preliminary injunction except that the movant must show "actual success on the merits" instead of a "likelihood of success." *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

In trademark infringement actions, injunctive relief is often appropriate as: 1) "there is not adequate remedy at law to redress infringement and [2)] infringement <u>by its nature</u> causes irreparable harm." *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) (emphasis added) (citing *Processed Plastic Co. v. Warner Commc'ns*, 675 F.2d 852, 858 (7th Cir. 1982)). Further, courts have generally recognized that in such cases, the public interest is "paramount." *BellSouth Advertising & Publishing Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991). Trademark

infringement encroaches on "the right of the public to be free of confusion" as well as "the synonymous right of the trademark owner to control his products' reputation." *Id*. (citing *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 274 (7th Cir. 1976)).

**D.     Attorney's Fees**

Transamerica seeks an award of attorneys' fees and costs against Goldsmith pursuant to the Lanham Act, 15 U.S.C. § 1117(a). Under Section 1117, the Court may award reasonable attorney fees to a prevailing party under the Lanham Act in "exceptional" circumstances. 15 U.S.C. § 1117(a). If the defendant's conduct can be characterized as malicious, fraudulent, deliberate, and willful, the case is exceptional. *Dieter v. B & H Industries*, 880 F.2d 322, 329 (11th Cir. 1989). However, even if the case is exceptional, the award of attorney fees under the Lanham Act is within the Court's discretion. *Id.*

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal communication for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985). Factors to be considered when setting a fee include:

1)     the time and labor required;

2)     the novelty and difficulty of the issues;

3)     the skill required to perform the legal services properly;

4)     preclusion of other employment;

5)     the customary fee;

6)     whether the fee is fixed or contingent;

-6-

    7)     time limitations imposed by the client or circumstances;

    8)     the amount involved and the results obtained;

    9)     the experience, reputation and ability of the attorneys;

    10)    the undesirability of the case;

    11)    the nature and length of the professional relationship with the client;

    12)    awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

## II.   APPLICATION

After careful review of the Complaint and Motion filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Transamerica's claim of willful trademark infringement. The entry of default judgment and a permanent injunction is warranted. Goldsmith was properly served, and has had numerous opportunities to appear and contest the claims, as well as the Motion now before the Court. However, Transamerica's claims and Motion remain unopposed.

Transamerica seeks a permanent injunction against Goldsmith. Goldsmith's default establishes Transamerica's success on the merits and that Transamerica's injury outweighs whatever damage the injunction may cause Goldsmith. As previously stated, trademark infringement causes irreparable injury not only to Transamerica, but also to the public. As the public has a strong interest in being free from the confusion and deception caused by trademark infringement, Transamerica's proposed injunction is not adverse to the public interest.

Finally, Transamerica seeks an award of attorneys' fees in the amount of $20,000.00 and attached to its Motion an Affidavit of Ava K. Doppelt ("Doppelt") and an Affidavit of Bruce A. McDonald ("McDonald"). Doc. No. 17-2. Transamerica has established and Goldsmith has effectively admitted by his default that his violations were willful, which constitutes "exceptional circumstances." Doppelt states in her Affidavit that Transamerica incurred fees and costs in the amount of $5,000.00 for services rendered by the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A. *Id.*; Doc. No. 23-2. McDonald states that Transamerica has incurred fees and costs of approximately $30,000.00 for services rendered by the law firm of Schnader Harrison Segal & Lewis LLP. Doc. No. 17-2; Doc. No. 23-2. Transamerica asserts in the Motion that it will accept a total award of $20,000.00 for attorneys' fees and costs from Goldsmith. Doc. No. 17 at 15. The Affidavit establish that the fees and costs sought by Transamerica are reasonable.

Therefore, it is **RECOMMENDED** that:

1.   Transamerica's Motion for Entry of Default Final Judgment and for Injunctive Relief [Docket No. 17] be **GRANTED**;

2.   the Court should adopt Transamerica's Proposed Order Granting Plaintiff's Motion for Default Judgment Against Defendant Steven Goldsmith and Entering Final Judgment; and

3.   the Clerk should be directed to enter judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 1, 2008.

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE